JOHN W. HUBER, United States Attorney (#7226)
STEWART M. YOUNG, Assistant United States Attorney (#14377)
Attorneys for the United States of America
111 South Main Street, Ste. 1800 • Salt Lake City, Utah 84111
Telephone: (801) 524-5682 • Facsimile: (801) 325-3387

FILED
U.S. DISTRICT COURT
2017 SEP 13 P 4: 40
DISTRICT OF UTAH
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DAVID ANDREW HESTERMAN,<br><br>Defendant. | INDICTMENT<br><br>Count 1: 26 U.S.C. § 7201 (Evasion of Payment of Income Tax).<br><br>Case: 2:17-cr-00529<br>Assigned To : Parrish, Jill<br>Assign. Date : 9/13/2017<br>Description: USA v. |

The Grand Jury alleges:

## I. BACKGROUND

At all times relevant to this Indictment:

1. Defendant DAVID ANDREW HESTERMAN ("HESTERMAN") was a resident of Salt Lake County, Utah.

2. HESTERMAN pleaded guilty and was sentenced on August 16, 2006, in Case No. 2:98-CR-278 TS in the District of Utah, to one count of violating 15 U.S.C. §§ 78j(b) & 78ff (Securities Fraud) and one count of violating 26 U.S.C. § 7203 (Failure to File a Tax Return) in connection with his involvement in a securities fraud scheme.

3. On August 25, 2008, HESTERMAN was assessed, by the Internal Revenue Service ("IRS"), $384,263.00 in unpaid income taxes for the tax years 1989 to 1994.

4. HESTERMAN then filed tax returns for the tax years of 1995-2006 and 2010, and

he self-reported $904,568.84 in tax due and owing. Between April 17, 2006 and November 5, 2007, the IRS sent HESTERMAN the first notice and demand note for payment for tax years 1995 through 2006. On November 22, 2010 and November 21, 2011, the IRS sent the first notice and demand for payment to HESTERMAN for tax years 2009 and 2010.

5. On June 30, 2009, the Articles of Incorporation were filed with the State of Utah for Innovative Media Connections & Support ("Innovative"). B.H., HESTERMAN's wife, was listed as the sole Director, Registered Agent/Officer of Innovative. B.H. set up a bank account for Innovative at U.S. Bank, with the account ending in 5867. HESTERMAN was listed as an authorized signatory on the account.

6. On June 6, 2010, Sinaloa Gold PLC ("Sinaloa Gold") was incorporated in the State of Utah. HESTERMAN convinced R.C.V. to register the company in R.C.V.'s name, due to HESTERMAN's criminal record for securities fraud. From June 2010 through November 2010, another Sinaloa Gold employee, G.H., opened seven bank accounts at Key Bank in the name of Sinaloa Gold. According to both R.C.V. and G.H., HESTERMAN directed and controlled Sinaloa Gold.

## II. FURTHER INCOME TO DEFENDANT THROUGH PAYMENTS TO INNOVATIVE

7. From June 2009 through June 2011, a company, "AL", paid HESTERMAN for media consulting. AL paid for this consulting with funds that were wired or deposited in Innovative's US Bank account ending in 5867. AL paid $137,600 total to HESTERMAN.

8. From October 2009 to May 2010, a company, "ICG", paid HESTERMAN $91,350 for business referrals. ICG paid for these business referrals with funds that were wired to Innovative's US Bank account ending in 5867.

9. From August 2009 through December 2010, a company, "G/S", paid HESTERMAN $217,000 for media consulting. G/S paid for this media consulting with funds that were deposited or wired to Innovative's U.S. Bank account ending in 5867.

10. From June 2010 through September 2010, Sinaloa Gold, through its Key Bank account ending in 0504, paid HESTERMAN $102,592.95 through deposits and/or wires to Innovative's US Bank account ending in 5867. These payments to the Innovative US Bank account ending in 5867 were made at the direction of HESTERMAN.

11. From September 2010 through December 2010, funds totaling $448,290.92 were deposited into three Sinaloa Gold Key Bank accounts ending in 0504, 0512, and 0918. During this time, HESTERMAN directed G.H. to move money from Sinaloa Gold accounts to other non-Sinaloa Gold accounts.

### III. MANNER AND MEANS OF HESTERMAN'S TAX EVASION WITH THE IRS

12. In execution and furtherance of the evasion of tax by the IRS, defendant HESTERMAN, employed the following manner and means:

    a. On November 3, 2009, HESTERMAN received a summons from the IRS Revenue Officer requesting an IRS Form 433-A. On December 16, 2009, HESTERMAN signed Form 433-A. He listed his employment as a manager at "Media Dynamics" and only listed a Wells Fargo bank account. HESTERMAN failed to list the Innovative US Bank account under his control.

    b. On May 27, 2010, the IRS Revenue Officer issued a summons to US Bank in the names of HESTERMAN and B.H. The information received

    demonstrated that HESTERMAN was writing checks from the US Bank account to B.H. and had them deposited in B.H.'s personal bank account.

c. On August 23, 2010, the IRS Revenue Officer sent a Notice of Levy to HESTERMAN for the US Bank account. On September 2, 2010, US Bank contacted the IRS Revenue Officer and informed her that B.H. had removed HESTERMAN's name from all of US Bank accounts.

d. On February 10, 2011, the IRS Revenue Officer received a faxed IRS Form 433-A. It was stamped, "Draft" and HESTERMAN did not sign it. He listed a new employer and listed B.H. as the owner of Innovative. He also only listed a Chase Bank account on the form, and did not list any other bank accounts.

e. On August 18, 2011, the IRS Revenue Officer met with HESTERMAN. During that meeting, HESTERMAN signed an affidavit stating that he did not own Innovative and that he was a subcontractor of Innovative. He refused to sign the IRS Form 433-A that he had previously faxed to the IRS Revenue Officer. HESTERMAN also signed an affidavit stating that he did not act on behalf of Innovative and did not disclose his involvement in Sinaloa Gold.

f. On September 14, 2011, the IRS Revenue Officer received a signed Form 433-A from a representative of HESTERMAN, but it did not have any information regarding HESTERMAN's income.

g. On September 16, 2011, HESTERMAN signed and submitted an amended

IRS Form 433-A to the IRS Revenue Officer. It did not disclose any information relating to his involvement with Innovative or Sinaloa Gold. It did not disclose his financial involvement with bank accounts in those companies.

h. On January 31, 2012, IRS sent IRS Letter 2850 to HESTERMAN. It stated that he owed $3,559,439.82, which did not include all accrued penalties and interest. Later, the accrued penalties and interest were tabulated, which came to $4,971,241.92.

## Count 1
## 26 U.S.C. § 7201
## (Evasion of Payment of Income Tax)

13. All of the allegations set forth in this Indictment are incorporated herein by reference and realleged as though fully set forth herein.

14. Beginning on a date unknown, and at least by December 19, 2009 and continuing to on or about September 22, 2011, in the Central Division of the District of Utah,

**DAVID ANDREW HESTERMAN,**

a resident of Salt Lake City, Utah, did willfully attempt to evade and defeat payment of a large part of the income tax due and owing by him to the United States of America for the calendar years 1989-2006 and 2010; all in violation of 26 U.S.C. § 7201.

A TRUE BILL:

_____
FOREPERSON OF THE GRAND JURY

JOHN W. HUBER
United States Attorney

_____
STEWART M. YOUNG
Assistant United States Attorney